IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORNELIUS WALKER,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS DART, SHERIFF, et. al,<br><br>Defendants. | Case No. 20-cv-00261<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cornelius Walker, an inmate at Cook County Jail whose disability requires him to use a wheelchair, alleges that Defendants Sheriff Thomas Dart and Cook County did not provide him equal access to the shower because of structural barriers and have not repaired a non-compliant ramp at the jail. Walker claims that Defendants have violated his rights under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132 and under Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). Defendants have moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the Court denies the Rule 12(b)(6) motion [35].

I. Background

Walker has been an inmate at the Cook County Jail since September 20, 2015. (Sec. Am. Compl. (SAC), Dkt. 34 ¶ 2). Walker is a T3 paraplegic; he requires a wheelchair to move from place to place. (*Id*. ¶ 6). While detained at Cook County Jail, Walker has been housed in the Cermak Infirmary. (*Id*.). For the majority of his

1

detention, the shower area did not comply with the Structural Standards required by the ADA because it did not have a fixed bench. (*Id.* ¶ 7). Defendants were required to comply with the ADA Structural Standards, which required an accessible shower to have such a bench. (*Id.* ¶ 8). In approximately December 2016, Walker began filing grievances about unequal access to the shower because of structural barriers. (*Id.* ¶ 9). About one year before filing his complaint in this case, Walker was provided a shower area that complied with the ADA requirements. (*Id.* ¶ 10).

In addition, while at the jail, Walker has navigated a long ramp in the lower level of the Cermak Infirmary on a regular basis. (*Id.* ¶ 11). Based on a March 2018 walkthrough, an employee of Cook County documented that the run of this ramp "exceeds code requirements" and provided five recommendations to bring the ramp into compliance with the ADA. (*Id.* ¶ 12). Walker suffered injuries because of the ramp, and Walker and similarly situated wheelchair users are unable to use the ramp similar to non-disabled inmates. (*Id.* ¶ 14). Walker seeks to certify a class of all wheelchair users who move up and down the Cermak ramp. (*Id.* ¶ 15).[1]

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual

---

[1] Specifically, in his motion for class certification, Walker seeks to represent a class of "all Cook County Jail detainees who have been assigned and currently use a wheelchair to traverse the Cermak ramp" under Rule 23(b)(3) and "all Cook County Jail detainees who have been assigned a wheelchair and used a wheelchair to traverse the Cermak ramp from May 5, 2018 to the date of entry of judgment," under Rule 23(b)(3). (Dkt. 40 at 3).

information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

**III.     Analysis**

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits

3

of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Under the Rehabilitation Act, "[n]o otherwise qualified individual with a disability…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance..." 29 U.S.C. § 794(a).

In their dismissal motion, Defendants argue that most of Walker's claim is time-barred and his complaint should also be dismissed under Federal Rule of Civil Procedure 10(b).

### A. Statute of Limitations

"Because 'complaints need not anticipate and attempt to plead around defenses,' a motion to dismiss based on failure to comply with the statute of limitations should be granted only where 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014) (citations omitted). "As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015).

4

Defendants argue that Walker's shower access claim is untimely; they do not raise any timeliness argument about the ramp accessibility claim. Defendants contend that Walker can only state a claim against them starting January 14, 2018 until Walker's living unit installed the fixed bench for the shower (approximately January 2019) because Walker's original complaint was filed January 14, 2020 and the statute of limitations is two years. (Walker does not dispute that the two-year statute of limitations applies to his claims. *See Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013); *Lopez-Betancourt v. Loyola Univ. Chicago Stritch Sch. of Med.*, 2019 WL 4166867, at *5 (N.D. Ill. Sept. 3, 2019)). However, Walker's complaint does not "set forth everything necessary to satisfy" (*Chicago Bldg. Design*, 770 F.3d at 613–14) the statute of limitations defense.

The first issue with Defendants' argument is they do not identify when Walker's claim accrued. Defendants rely on the "repeated violations doctrine," under which a plaintiff "'stops suffering a daily injury only when the public entity remedies the non-compliant service, program, or activity or when she no longer evinces an intent to utilize it.'" (Dkt. 35 at 4, quoting *Hamer v. City of Trinidad*, 924 F.3d 1093 (10th Cir. 2019). In the Seventh Circuit that doctrine is generally referred to as the "continuing violation doctrine." *See e.g. Scherr*, 703 F.3d at 1075 (plaintiff alleged continuing violation of Title III of the ADA so statute of limitations did not bar her claim); *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001) (deliberate indifference cause of action accrued at date of the last injury); *Purnell v. Dart*, 2016 WL 11701704, at *3 (N.D. Ill.

5

Dec. 21, 2016) (applying continuing violation doctrine discussed in *Heard* to inmate ADA suit).

Although Defendants do not identify what date they believe Walker's claim accrued, they acknowledge that Walker alleges that the shower bench was installed about one year before he filed his January 2020 complaint. In light of this allegation, under Defendants' theory, Walker's last "injury" (the last date before the bench was installed) presumably was in December 2018 or January 2019, meaning his January 2020 complaint would fall within the two-year statute of limitations.

In their reply brief, however, Defendants seem to argue for a much earlier accrual date—they contend that Walker "had the ability to exhaust his administrative remedies in the very first weeks he was in the Cermak infirmary and could have brought suit immediately afterward." (Dkt. 42 at 3). But the complaint does not contain facts establishing that Walker's claim accrued in his "first weeks" at the jail. Walker alleges only that he arrived at the jail in September 2015 and "[f]or the majority of [his] detention the shower area did not comply with the Structural Standards required by the ADA because it lacked a fixed bench." (SAC ¶¶ 2, 7).

In addition, Defendants do not dispute that the grievance process tolls the statute of limitations. Defendants attach to their reply brief Walker's December 3, 2016 grievance regarding shower access, the jail official's response, Walker's December 29, 2016 appeal request, and the rejection of the appeal, which Walker received on January 17, 2017. (Dkt. 42, Exh. 1). Defendants therefore contend that Walker "exhausted his administrative remedies on December 29, 2016," apparently referring

6

to the date Walker filed his request for appeal. But "the limitations period is tolled while a prisoner *completes* the administrative grievance process." *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012) (internal citation and quotations omitted) (emphasis added); *see also Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008). In any event, even if Defendants were correct about the date the tolling period ended, that still does not answer the question of when the statute of limitations began. *See Heard*, 253 F.3d at 317–18 ("Tolling interrupts the statute of limitations after it has begun to run, but does not determine when it begins to run; that question is the question of accrual.").

Accordingly, Defendants have not met their burden to show that the statute of limitations bars Walker's claim at this pleading stage. Thus the general rule that complaints do not need to plead around defenses applies, particularly where, as here, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 921 (2007). Defendants' motion to dismiss on statute of limitations grounds is denied.

### B. Rule 10(b)

Defendants argue that the complaint must be dismissed under Rule 10(b), which states in relevant part that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). "The primary purpose of [Rules 8 and 10] is to give defendants fair notice of the claims against them and the grounds supporting the claims…the issue is notice; where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged

7

wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 797-98 (7th Cir. 2011).

Defendants argue that the Court should dismiss the complaint under this rule so that Walker "can clarify his possibly distinct claims" in separate counts. (Dkt. 35 at 4). However, Defendants do not identify any specific problem of clarity with Walker's complaint. The complaint is not confusing or unintelligible. Defendants have notice of Walker's claims: his individual failure-to-accommodate claim based on alleged lack of shower access and the putative class claim based on the alleged non-compliant ramp. The fact that these claims are not separated into distinct "counts" does not warrant dismissal.

## IV. Conclusion

For the stated reasons, Defendants' motion to dismiss [35] is denied.

E N T E R:

Dated: December 18, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge