IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Cornelius Walker, ) | |
| ) | |
| Plaintiff, ) | Case No. 20-cv-00261 |
| ) | |
| vs. ) | The Honorable Judge |
| ) | Mary M. Rowland |
| Thomas Dart, Sheriff of Cook County ) | |
| (official capacity); and Cook County, Illinois, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION**

Defendants THOMAS DART, SHERIFF OF COOK COUNTY, and COOK COUNTY, ILLINOIS, by and through their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Special Assistant State's Attorneys, Johnson & Bell, Ltd., for their Response to Plaintiff Cornelius Walker's ("Plaintiff") Motion for Class Certification, state as follows:

**INTRODUCTION**

Plaintiff Cornelius Walker has been an inmate at Cook County Jail since September 20, 2015. [Dkt. #34, ¶2]. Plaintiff uses a wheelchair to move from place to place. *Id*. at ¶6. While detained at Cook County Jail, Plaintiff has been housed in the Cermak Infirmary. *Id*. Plaintiff alleges his rights under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") were violated because an incline that detainees navigate to enter the Cermak Infirmary ("Cermak ramp") did not meet the ADA and RA Structural Standards ("Structural Standards"). [Dkt. #40, p. 3]. Plaintiff cites a document that states that the Cermak ramp is 47 feet long without a landing. *Id*. at pp. 2-4; *Id*. Ex. 4, p. 2. Plaintiff does not cite any other alleged violation. *Id*. Cermak was built in 1998 and is thus required to comply with either the Uniform Federal Accessibility Standards (UFAS) or the 1991 ADA Standards for Accessible Design. *Id*. at p. 3.

1

Plaintiff does not cite the applicable regulation, and the 1991 ADA Standards, with which Cermak must comply, are silent on ramp length without a landing. Ex. 1, Appendix A to Part 36 -- Standards for Accessible Design, from the Department´s 1991 title III ADA regulation published July 26, 1991.

In his Motion for Class Certification, Plaintiff does not claim that he or any other class member were injured or faced detriment due to Defendants' alleged failure to meet the Structural Standards.[1] [Dkt. #40, generally]. Plaintiff names the following class under Rule 23(b)(3): "all Cook County Jail detainees who have been assigned a wheelchair and used a wheelchair to traverse the Cermak ramp from May 5, 2018 to the date of entry of judgment." *Id*. at 3. Plaintiff names the same class under Rule 23(b)(2), without the date limitation. *Id*. As demonstrated below, Plaintiff's class fails to meet Rule 23's requirements.

## **LEGAL STANDARD**

To maintain a class action suit, "class definitions must be definite enough that the class can be ascertained." *Douglas v. Western Union Co.*, 328 F.R.D. 204, 211 (N.D. Ill. 2018). Even if a class can be ascertained, the proponent must affirmatively demonstrate compliance with Rule 23. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Rule 23 does not "set forth a mere pleading standard. Rather, a party must not only be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a). The party must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b*)*." *Comcast Corp. v. Behrend*, 569 U.S. at 33. "Failure to meet any one of the requirements of Rule 23 precludes certification of a class." *Douglas v. Western Union Co.*, 328 F.R.D. at 211.

---

[1] Plaintiff claims an individual injury in his Second Amended Complaint. [Dkt. #34, ¶14].

Trial courts analyze the facts underlying the pleadings before certifying a class action. *Comcast Corp.* at 33. Class certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied. Such an analysis will frequently entail overlap with the merits of the plaintiff's underlying claim… because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 33-34. *See Magpayo v. Advocate Health & Hosps. Corp.*, No. 16-CV-01176, 2018 WL 950093, at *3 (N.D. Ill. Feb. 20, 2018) ("Although certifying a class is not a dress rehearsal for the trial on the merits, Plaintiff must demonstrate by a preponderance of the evidence that her proposed class satisfies each of Rule 23's requirements. Thus, the 'rigorous analysis' involved in certifying a class often overlaps with the merits of the underlying claim. For the purposes of certifying a class, this Court does not presume the truth of all well-pleaded allegations. Instead, it can look 'beneath the surface' of the second amended complaint to conduct the inquiries that Rule 23 requires… Ultimately, Rule 23 tasks this Court with making 'whatever factual and legal inquiries are necessary' to determine if a class should be certified, even if those inquiries involve difficult questions related to the case's merits.")

Even if a plaintiff passes the rigorous Rule 23(a) analysis, the plaintiff must still prove that it satisfies one of the Rule 23(b) provisions. In the instant case, Plaintiff seeks declaratory and injunctive relief under Rule 23(b)(2) and damages for himself and putative class members under Rule 23(b)(3). Rule 23(b)(2) permits class actions "for declaratory or injunctive relief where the party opposing the class has acted or refused to act on grounds generally applicable to the class." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 614, 117 S. Ct. 2231, 2245, 138 L. Ed. 2d 689 (1997). Courts certify 23(b)(3) classes only if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members,

and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Relevant factors include: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id.*

## ARGUMENT

I. **PLAINTIFF CANNOT SUCCEED ON THE MERITS.**

Plaintiff's class is premised on a non-existent legal violation. "[A]n order certifying a class usually is the district judge's last word on the subject; there is no later test of the decision's factual premises… Before deciding whether to allow a case to proceed as a class action, therefore, a judge should make whatever factual and legal inquiries are necessary under Rule 23." *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). If a legal inquiry nulls Plaintiff's cause, there is no basis for the class. Plaintiff's class is entirely premised on the assertion that the Cermak Ramp extends longer than 30 feet without a landing. [Dkt. #40, pp. 2-4]. Plaintiff asserts that Cermak is bound by the 1991 ADA Standards. *Id.* at p. 3. But no such requirement exists in the 1991 ADA Standards. Ex. 1, Appendix A to Part 36 -- Standards for Accessible Design, from the Department´s 1991 title III ADA regulation published July 26, 1991, Section 4.8.4. The document on which Plaintiff rests his case does not even state there was a legal violation, as it does not identify an applicable code which was violated. [Dkt. #40, p. 2, Dkt. #40, Ex. 4, p. 2]. Because Plaintiff has not cited a legal violation, his class cannot proceed.

II. **PLAINTIFF'S CLASS FAILS UNDER RULE 23(a).**

A. **Plaintiff offers no evidence of numerosity.**

4

Rule 23(a) requires that a class be "so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). The Court can certify a class without determining its size so long as it is reasonable to believe the class is large enough to make joinder impracticable and thus justify a class action suit." *Molinari v. Fin. Asset Mgmt. Sys., Inc.*, No. 18 C 1526, 2020 WL 4345418, at *4 (N.D. Ill. July 29, 2020). (internal citations omitted). However, the party seeking class certification "cannot prove numerosity by relying on 'mere speculation' or 'conclusory allegations' as to the size of the putative class. While there is no magic number that applies to every case, a forty-member class is often regarded as sufficient to meet the numerosity requirement." *Molinari*, No. 18 C 1526, 2020 WL 4345418, at *4. (internal citations omitted). Rule 23(a)(1) is not "'a mere pleading standard,' and a plaintiff must put forth *evidence* demonstrating numerosity." *Id*. (emphasis in original). "While a court is entitled to make common sense assumptions in making a numerosity determination, such assumptions <u>must be based on documentary evidence put forth by the plaintiff</u>." *Molinari*, at *4-5. (emphasis added).

To show numerosity, Plaintiff requests that the Court assume numerosity without offering any documentary evidence. Plaintiff writes:

> In *Lacy v. Dart*, Dart and Cook County conceded approximately sixty wheelchair users were detained at the jail at the time the parties briefed a motion for class certification. 2015 WL 1995576, at *3 (N.D.Ill. 2015). The Seventh Circuit affirmed the district court's certification of the *Lacy* class comprising of "[a]ll Cook County Jail detainees who have been assigned and currently use a wheelchair." *Lacy v. Cook County*, 897 F.3d 847, 863- 67 (7th Cir. 2018). It is reasonable to infer, prior to the coronavirus pandemic, the number of wheelchair users at the jail was constant. And because the jail only has two locations to house wheelchair users – Cermak and the Residential Treatment Unit (RTU) - it is safe to assume the number of wheelchair users over the past two years assigned to Cermak exceeds 40. Accordingly, a reasonable estimate of the proposed class likely exceeds 150 individuals and the plaintiff satisfies the numerosity requirement of Rule 23(a)(1).

5

[Dkt. #40, p. 7]. Plaintiff not only fails to offer documentary evidence to meet his numerosity requirement, but he also fails to explain why it is reasonable to infer that the number of wheelchair users who navigated the Cermak ramp in 2020 is constant or equivalent to the number of wheelchair users in all of Cook County Jail in 2015. Plaintiff further fails to prove that the *Lacy* class sufficiently overlaps with his class to prove numerosity, as *Lacy* did not regard the Cermak ramp. And, as demonstrated below, even if Plaintiff put forth evidence related to the number of wheelchair users who navigated the ramp during the stated period, Plaintiff must still offer evidence that such class members faced a detriment because of an alleged failure to meet the Structural Standards. Plaintiff has not offered such evidence. At this stage, Plaintiff has the burden to prove the Rule 23 elements by offering evidence. Plaintiff fails to meet his burden to prove numerosity.

### B. Plaintiff's putative class lacks commonality.

#### i. Plaintiff fails to allege a common detriment or injury.

Under the Rule 23(a)(2) commonality requirement, a plaintiff must demonstrate that "the class members have suffered the same injury. This does not mean merely that they have all suffered a violation of the same provision of law…Their claims must depend upon a common contention… which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011). To satisfy Rule 23(a)'s commonality requirement:

> the Supreme Court explained in *Wal–Mart* that **superficial common questions—like whether each class member… 'suffered a violation of the same provision of law'—are not enough. Rather, '[c]ommonality requires the plaintiffs to demonstrate that the class members 'have suffered the same injury.'** The class 'claims must depend upon a common contention,' and [t]hat common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth

6

> or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

*Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 497 (7th Cir. 2012). (internal citations omitted). (emphasis added).

Plaintiff alleges that the class has commonality based on the legal and factual questions "Is the Cermak ramp required to comply with federal Structural Standards set by the ADA and Rehabilitation Act? And, if so, does the ramp comply with these standards?" [Dkt. #40 p. 8]. This is precisely the superficial common question of law that the Supreme Court and the Seventh Circuit explained could not form the basis of a class. Lawsuits, including class actions, must be about vindication of actual injuries or detriment, not mere alleged legal violations. *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d at 497. Plaintiff fails to allege that all class members suffered the same injury or that class members suffered any injury at all.

Plaintiff cites the Seventh Circuit's holding in *Bennett v. Dart*, which states that the plaintiff "proposes a class that will win if the Standards apply (**and were violated, to detainees' detriment**) and otherwise will lose." *Bennett v. Dart*, 953 F.3d 467, 469 (7th Cir. 2020). (emphasis added). Plaintiff states that on remand, the district court certified the class, holding that commonality was satisfied. [Dkt. #40, p. 9]. However, the district court is currently reconsidering class certification based on new facts and accounting for the Seventh Circuit's instruction that the Structural Standards must have been violated to each of the class member's detriment. Ex. 2, *Bennett v. Dart*, 18-cv-4268, Dkt. #161.

### ii. Plaintiff fails to prove, or even allege, that all class members are disabled within the meaning of the ADA and RA.

Plaintiff's proposed class rests on the faulty assumption that all detainees who have been assigned wheelchairs are disabled and require Defendants to meet the Structural Standards. However, mere assignment of a wheelchair does not necessarily mean a person is disabled. The

7

Structural Standards can only be violated to detainees' detriment if a person indeed has a disability for ADA and RA purposes. While the ADA offers protections from discrimination even for those "regarded as" disabled, it does not follow that people prescribed an assistive device, or even those "regarded as" having a disability, are actually disabled and entitled to ADA accommodations. Judge Shah recently stated as much in *Bowers v. Dart*, a case which Plaintiff exhibited in his Motion for Class Certification:

> The "regarded as" definition protects people that have been discriminated against "because of myths, fears and stereotypes associated with disabilities." Seventh Circuit Pattern Jury Instruction § 4.04, Comment G (quoting *Amadio v. Ford Motor Co.*, 238 F.3d 919, 925 (7th Cir. 2001)). It seeks to prevent the harmful effects of unfounded prejudices. *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999) ("it is necessary that a covered entity entertain misperceptions about the individual"); 29 C.F.R. § 1630.2(l). The statute is not intended to protect malingerers. **The Sheriff's office could have given Bowers a wheelchair even though it did not believe he was impaired, so the wheelchair prescription did not compel the jury to find Bowers disabled.** *See Cigan v. Chippewa Falls Sch. Dist.*, 388 F.3d 331, 335 (7th Cir. 2004) (if employers accommodate for other reasons, then the fact of accommodation does not support an inference that a given employer must have regarded a given employee as disabled).
>
> **Because the jury could reasonably find that Bowers was not disabled within the meaning of the ADA, he was not entitled to invoke the protections of that Act to seek damages for his placement in cells with inaccessible toilets, sinks, and showers, and the jury's verdict stands.** *See Weiler v. Household Fin. Corp.*, 101 F.3d 519, 523 (7th Cir. 1996); *Povey v. City of Jeffersonville, Ind.*, 697 F.3d 619, 624 (7th Cir. 2012) ("[h]aving failed to meet her burden to demonstrate that she was disabled under the ADA, Povey is not protected by its provisions"); *Powers v. USF Holland, Inc.*, 667 F.3d 815, 825 (7th Cir. 2011).
>
> For that reason, I do not reach the parties' arguments about whether a person "regarded as" having a disability is entitled to a reasonable accommodation or whether the evidence supported a finding that Bowers received equivalent access to facilities. *But see Powers v. USF Holland, Inc.*, 667 F.3d 815, 823 n.7 (7th Cir. 2011) (**"the ADAAA clarified that an individual 'regarded as' disabled (as opposed to actually disabled) is not entitled to a 'reasonable**

8

> **accommodation'"**); 42 U.S.C. 12201(h); see 28 C.F.R. § 35.151(c)(1); *Tennessee v. Lane*, 541 U.S. 509, 532 (2004); *Lacy v. Cook County*, 897 F.3d 847, 853 (7th Cir. 2018).

Ex. 3, Post-Trial Order in *Bowers v. Dart, et al.*, No. 16-cv-2483, pp. 6-7, dated March 30, 2020. Plaintiff has put forth zero evidence that any class members were actually disabled under the statutory definition for purposes of using the Cermak ramp.

Plaintiff's Motion for Class Certification fails to allege a common injury or detriment faced by all class members, fails to allege that the class members faced any injury at all, and fails to demonstrate that the class members were disabled for purposes of using the Cermak ramp. [Dkt. #40, pp. 8-9]. Therefore, Plaintiff's proposed class fails to meet Rule 23(a)(2)'s commonality requirement.

### C. Plaintiff's putative class lacks typicality.

Plaintiff fails to meet his burden to prove typicality under Rule 23(a)(3). "The question of typicality in Rule 23(a)(3) is closely related to the preceding question of commonality. We have previously stated that a "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Rule 23(a)(3) requires that class representatives "possess claims or defenses that are typical of the claims or defenses of the class as a whole… colorable defenses unique to the named representative, or to a small subset of the plaintiff class, may render the claims sufficiently atypical of one another so as to destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiffs' representation." *Ries v. Humana Health Plan, Inc.*, No. 94 C 6180, 1997 WL 158337, at *7 (N.D. Ill. Mar. 31, 1997).

Plaintiff's class fails the test for typicality because Plaintiff does not identify an injury faced by the class members. Even if all the class members faced an injury, it would have to be a

common injury. Thus, the claims and defenses may vary from class member to class member. Of course, Defendants cannot know what their defenses might be, as Plaintiff does not allege any injury or detriment the class members experienced.

### D. Plaintiff is an inadequate representative of the class.

Plaintiff further fails to meet the Rule 23(a)(4) adequacy of representation requirement. "As with commonality and typicality, typicality and adequacy of representation tend to merge." *Simpson v. Safeguard Properties, LLC*, No. 13 CV 2453, 2014 WL 4652336, at *4 (N.D. Ill. Sept. 17, 2014). "A representative might be inadequate if he is subject to a substantial defense unique to him." *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1027 (7th Cir. 2018). Plaintiff claims he suffered a ramp-related injury due to failure to meet the Structural Standards, but Plaintiff alleges no allegations of injury or detriment regarding any other putative class member. [Dkt. #34, ¶14; Dkt. #40, generally]. Therefore, there may be unique defenses related to individual class members.

## III. PLAINTIFF'S CLASS FAILS RULE 23(b)

### A. Plaintiff has not met the requirements of Rule 23(b)(2).

Plaintiff requests class certification under Rule 23(b)(2). *Id.* at pp. 3, 11-12. A plaintiff must first satisfy each Rule 23(a) requirement prior to certifying a class under Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345, 131 S. Ct. 2541, 2548, 180 L. Ed. 2d 374 (2011). Rule 23(b)(2) applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The Rule applies "only when a single injunction or declaratory judgment would provide relief to each member of the class… it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Wal-Mart Stores, Inc.*, 564 U.S. at 360–61.

10

Plaintiff fails the 23(b)(2) test. First, Plaintiff fails to satisfy the Rule 23(a) requirements, as demonstrated above. Therefore a 23(b)(2) analysis is unnecessary. Second, even if Plaintiff met the 23(a) requirements, Plaintiff pleads himself out of court on 23(b)(2) grounds. As stated by the Supreme Court, Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Id*. Yet Plaintiff states "This may be a case where the defendant's liability can be determined on a class-wide basis, but aggregate damages cannot be established and there is no common method for determining individual damages." [Dkt. #40, p. 13]. Plaintiff then quotes a case which states "Even if damages vary among class members, the Court may hold separate liability and damages trials." *Id*. at pp. 13-14.

Plaintiff cannot have it both ways. Of course, Plaintiff has it neither way. Though Plaintiff has not alleged injuries faced by class members, any injuries sustained by class members would differ from plaintiff to plaintiff based on their varied abilities and experiences. "Whether a particular impairment substantially limits a major life activity is a case-specific, individualized inquiry." *Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 781 (7th Cir. 2007). "The critical question in every case is what was the effect of the impairment on the life of the individual." *Cassimy v. Bd. of Educ. of Rockford Pub. Sch., Dist. No. 205*, 461 F.3d 932, 936 (7th Cir. 2006). Therefore, while injuries have not been alleged, any injuries would vary from person to person, as Plaintiff admits, sinking his 23(b)(2) class. Plaintiff's Rule 23(b)(2) class should be denied.

### B. Plaintiff's class fails Rule 23(b)(3).

#### i. Plaintiff does not prove predominance.

Under Rule 23(b)(3), Plaintiff must show that "questions of law or fact common to the class members predominate over any questions affecting only individual members. Having

11

identified questions of law or fact common to the class members, the Court here looks to see if there are questions affecting only individual members that would overwhelm issues common to the class." *Mednick v. Precor, Inc.*, 320 F.R.D. 140, 155 (N.D. Ill. 2017). The predominance requirement of Rule 23(b)(3) tests "whether the proposed class is sufficiently cohesive to warrant adjudication by representation. The predominance requirement, although similar to questions of commonality and typicality, is more demanding than either of those Rule 23(a)(2) requirements… If individual issues predominate… a class action is not a superior method for adjudication, and certification should be denied." *Beley v. City of Chicago*, No. 12 C 9714, 2015 WL 8153377, at *5 (N.D. Ill. Dec. 7, 2015).

"Mere *assertion* by class counsel that common issues predominate is not enough. That would be too facile. Certification would be virtually automatic. And so Rule 23 does not set forth a mere pleading standard." *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014). (internal citation omitted). Rather, "when factual disputes bear on issues vital to certification (that is, to whether the suit should be allowed to be litigated as a class action), such as predominance, the court must receive evidence ... and resolve the disputes before deciding whether to certify the case." *Parko,* 739 F.3d at 1085.

The real issue that predominates Plaintiff's Motion for Class Certification is his failure to offer any evidence, as required by law. Instead, Plaintiff further relies on *Bennett v. Dart*, which, again, is under reconsideration because in that case, the plaintiff failed to make a showing that class members faced a common detriment. [Dkt. #40, pp. 13-14]; Ex. 2. Rather than offer evidence that common questions predominate his class, Plaintiff merely poses a legal question, namely whether Defendants violated the Structural Standards. [Dkt. #40, p. 13]. But Plaintiff fails to indicate that class members suffered a detriment. Plaintiff then claims that class members may

12

have different damages without losing predominance. *Id*. at 13-14. Of course, Plaintiff disregards his failure to allege, much less prove, that his proposed class members have any damages at all. Plaintiff fails the Rule 23(b)(3) predominance test.

### ii. Plaintiff does not prove superiority.

Rule 23(b)(3) permits class certification only where "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The Seventh Circuit has recognized that, like commonality, Rule 23(b)(3)'s superiority requirement is closely related to the requirement of predominance—the more that common questions predominate over other issues in the case, the more likely it is that a class action is the superior method of adjudication." *Balderrama-Baca v. Clarence Davids & Co.*, 318 F.R.D. 603, 614 (N.D. Ill. 2017). As demonstrated above, Plaintiff fails to satisfy commonality, typicality, and predominance, and therefore also fails to satisfy superiority. If some putative class members faced injury due to an alleged failure to meet the Structural Standards and others did not, then individual lawsuits may be superior to a class action. Defendants and the Court cannot know this because Plaintiff does plead any common detriment, let alone provide evidence of it.

### CONCLUSION

WHEREFORE, for all of the reasons set forth above, Defendants Thomas Dart, Sheriff of Cook County, and Cook County, Illinois respectfully request that this Honorable Court deny Plaintiff's Motion for Class Certification and grant Defendants any other relief this Court deems equitable and just.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

*/s/ Zachary A. Pestine*

Special Assistant State's Attorney

Brian P. Gainer (gainerb@jbltd.com)
Monica Burkoth (burkothm@jbltd.com)
Jack E. Bentley (bentleyj@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
Zachary A. Pestine (pestinez@jbltd.com)
Sam D. Branum (branums@jbltd.com)
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Tel: (312) 372-0770
Fax: (312) 372-9818

## **CERTIFICATE OF SERVICE**

      I, Zachary Pestine, hereby certify that, in accordance with Fed. R. Civ. P. 5 and LR 5.5 and the General Order on Electronic Case Filing (ECF), I served this Notice, together with the documents herein referred, electronically via the ECF-CM system on January 22, 2021.

                                        */s/ Zachary Pestine*
                                        Zachary Pestine