IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORNELIUS WALKER,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS DART, SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS<br><br>Defendants. | Case No. 20-cv-00261<br><br>Judge Mary M. Rowland |

## ORDER

Before the Court is Plaintiff's motion to compel production of documents [73] and Defendants' motion to quash subpoena to testify. [75] Plaintiff's motion is granted. Defendants' motion is denied.

### I. Background

Plaintiff Cornelius Walker, an inmate at Cook County Jail whose disability requires him to use a wheelchair, alleges that Defendants Sheriff Thomas Dart and Cook County did not provide him equal access to the shower because of structural barriers and have not repaired a non-compliant ramp at the jail. Walker claims that Defendants violated his rights under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132 and under Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a).

Discovery is underway, and Walker seeks information and documents from Ellen Stoner, a private architect named by Defendants as a person with knowledge

of some claims at issue in this case. *See* Dkt. 73. On July 12, 2021, Walker subpoenaed Ms. Stoner for documents and testimony. Walker deposed Stoner on September 8th despite the fact that several of her documents had been withheld, and Walker reserved the right to continue the deposition upon receipt of certain documents.

Defendants move to quash any further production of Stoner's documents based on the "deliberative process privilege." *See* Dkt 75. Defendants submitted a privilege log and documents to this Court for *in camera* review after a brief motion hearing on October 6, 2021.

## II. Standard

"[A] district court has broad discretion over pretrial discovery rulings." *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *see also Fields v. City of Chicago,* 981 F.3d 534, 551 (7th Cir. 2020) (same). In ruling, the court "may grant or deny the motion in whole or in part, and...may fashion a ruling appropriate for the circumstances of the case." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996).

When a party asserts privilege to withhold documents from discovery, that party "has the burden of establishing both its existence and applicability." *Allen v. Chicago Transit Auth.*, 198 F.R.D. 495, 501 (N.D. Ill. 2001). *See also Pearlshire Cap. Grp., LLC v. Zaid*, 490 F. Supp. 3d 1299, 1307 (N.D. Ill. 2020) ("The party hoping to withhold evidence from the proceedings – and, to degrees that vary from case to case, thwart the fact-finders' efforts at uncovering the truth – necessarily has the burden

of establishing the applicability of the privilege it asserts on a document-by-document basis.").

### III. Analysis

The deliberative process privilege allows "an agency to withhold all papers which reflect the agency's group thinking in the process of working out its policy and determining what its law shall be." *Nat'l Immigrant Justice Ctr. v. U.S. Dep't of Justice*, 953 F.3d 503, 508 (7th Cir. 2020) (internal quotations omitted). Generally, "communications made prior to and as a part of an agency determination are protected from disclosure." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). Specifically the privilege can be invoked to cover "pre-decisional policy discussions…and [ ] factual matters inextricably intertwined with such discussions." *Enviro Tech Int'l, Inc. v. U.S. E.P.A.,* 371 F.3d 370, 375 (7th Cir. 2004).

As a recent case in this district noted, the Seventh Circuit has not "resolved whether state and municipal entities may invoke the deliberative process privilege in a federal question suit." *Murdock v. City of Chicago,* 2021 WL 4523206 at *3 (N.D. Ill. Oct. 4, 2021). In a very thorough and well-reasoned opinion, the court in *Murdock*, declined to extend the deliberative process privilege "in federal question cases for state and municipal officials in Illinois." *Id*. at *5. This Court agrees with *Murdock's* analysis. Moreover, Defendants do not cite a case in which Cook County successfully invoked the deliberative process privilege. And in one case Defendants cite, the court, based on Illinois Supreme Court precedent, refused to extend the privilege to a City

3

of Chicago agency. Dkt. 75 ¶ 14. *See Allen,* 198 F.R.D. at 502. Thus, the Court will not extend the deliberative process privilege to defendants.

In addition, even if the privilege was available to them, Defendants have not established it should be applicable here. Courts in this district apply a two-step process for determining whether the deliberative process privilege applies: (1) the governmental entity must show that the privilege applies to the documents at issue, and if so (2) the discovering party must show a particularized need for the document that outweighs the agency's need for secrecy. *See Holmes v. Hernandez*, 221 F. Supp. 3d 1011,1016 (N.D. Ill. 2016); *DeLeon-Reyes v. Guevara*, 2021 WL 3109662 (N.D. Ill. 2021); *Rodriguez v. City of Chicago,* 329 F.R.D. 182, 186 (N.D. Ill. 2019). The second prong is determined through a balancing test that considers: (a) the relevance of the documents to the litigation, (b) the availability of other evidence that would serve the same purpose, (c) the government's role in the litigation, (d) the seriousness of the issues being litigated and (e) the degree to which disclosure would chill future deliberations within the agencies. *See K.L. v. Edgar,* 964 F. Supp. 1206, 1209 (N.D. Ill. 1997).

To establish that the privilege applies, Defendants must meet three requirements:

> (1) the department head with control over the matter must make a formal claim of privilege, after personal consideration of the problem; (2) the responsible official must demonstrate, typically by affidavit, precise and certain reasons for preserving the confidentiality of the documents in question; and (3) the official must specifically identify and describe the documents.

4

*Rodriguez,* 329 F.R.D. at 186. Defendants made no attempt to comply with the first requirement. As to the second requirement, they broadly argue that the documents were made with the intent of assisting the County with "deliberations on where to focus limited funding," but do not provide precise reasons about why that information must be kept confidential.[1] Dkt. 75 ¶ 18.

Even assuming Defendants met their initial burden, considering the allegations in this case and the documents at issue, the balancing test weighs in favor of production. Walker claims violations of the ADA and the Rehabilitation Act because he is unable to use a non-compliant ramp and does not have adequate access to the showers. Having reviewed the documents, the Court believes they are highly relevant to his allegations. The documents at issue include emails, department meeting minutes and draft summaries of possible accommodation changes, among other documents that specifically concern the ramp and shower at issue in this case. The Court finds that Walker has established his need for the documents outweighs the County's need for secrecy.

Further, this Court does not find that Walker's discovery of these communications would "chill deliberations" within Cook County or the Sheriff's Office. Defendants have already redacted certain financial information showing the

---

[1] Prior to producing any documents, the parties are to submit a Protective Order to the court to govern production of the documents.

5

estimated costs for repairs across facilities. The Court will permit Defendants to maintain those redactions.[2]

In Defendant's motion to quash, they request that the Court bar continuation of Stoner's deposition. This request is denied. The parties previously agreed to a continuation of that deposition pending production of the documents, and the Court will allow Walker to complete the deposition if he deems it necessary following review of the documents.

## IV. Conclusion

For the stated reasons, Plaintiff's motion to compel [73] is granted and Defendants' motion to quash [75] is denied. Defendants shall produce the relevant documents to Plaintiff by November 15, 2021. Plaintiff is granted leave to complete the deposition of Ms. Stoner, limited to no more than two hours. Fact discovery is scheduled to close November 30, 2021. The Court extends that date to January 21, 2022.

E N T E R:

Dated: November 8, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

---

[2] Defendants also argue that a non-disclosure agreement (NDA) exists between the consulting firm that employs Ms. Stoner and Cook County. However, the NDA contains a provision allowing disclosure of the documents in the event of a court order.