IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cornelius Walker, )<br>)<br>*Plaintiff,* )<br>)<br>-*vs*- )<br>)<br>Thomas Dart, Sheriff of Cook )<br>County, and Cook County, Illinois, )<br>)<br>)<br>*Defendants.* ) | No. 20-cv-261<br><br>Judge Rowland |

**PLAINTIFF'S RENEWED MOTION TO CERTIFY RULE 23(b)(3) CLASS**

Plaintiff Cornelius Walker, by counsel, files this renewed motion to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

Grounds for this motion are as follows:

1.  Plaintiff moved for certification under Rule 23(b)(3) of the Federal Rule of Civil Procedure for "all Cook County Jail detainees who have been assigned a wheelchair and used a wheelchair to traverse the Cermak ramp from May 5, 2018 to the date of entry of judgment." Dkt. 39, Motion for Class Certification.

2.  On March 3, 2021, the Court certified this case under Rule 23(b)(2) finding "[t]he proposed class members here have a common injury – inability to safely use the Cermak ramp – that would be addressed by the same remedy – bringing the Cermak ramp into compliance." Dkt. 62, Memorandum Opinion and Order at 13. The Court, however, found certification under Rule 23(b)(3) was inappropriate because plaintiff did not

show "that common questions predominate over individualized ones" and the only evidence plaintiff relied on was the district court's decision in *Bennett v. Dart*, 2020 WL 1812376 (N.D. Ill. Apr. 9, 2020).[1] Dkt. 62, Memorandum Opinion and Order at 14. The Court also determined plaintiff did not meet the superiority requirement of Rule 23(b)(3) by merely relying on *Bennett*. *Id.* at 14-15.

3. The Seventh Circuit's November 14, 2022 decision in *Bennett v. Dart*, No. 22-8016, 2022 WL 16915837 (7th Cir. Nov. 14, 2022), shows certification under Rule 23(b)(3) is appropriate here.

4. In *Bennett* the plaintiffs - inmates assigned to Division 10 prescribed canes, crutches, or walkers - alleged the building did not comply with the ADA and Rehabilitation Act because "it lacks the grab bars and other fixtures that disabled inmates may need in order to use showers and toilets safely." *Id.* at *1. The Court of Appeals reversed the decertification order finding:

> Our decision in 2020 identified such an issue, one relevant to every detainee in Division 10. A class certified under Rule 23(c)(4) resolves the *issue*, not the whole case. Class members would receive the benefit of a declaratory judgment (if the class prevails) on the issue but would need to proceed in individual suits to seek damages; by contrast, if the class loses, every detainee would be bound through the doctrine of issue preclusion. We do not see – and the district judge did not explain – why application of the Standards cannot be

---

[1] At this time, a motion to decertify the Rule 23(b)(3) class was pending in *Bennett*. *See* Dkt. 62, Memorandum Opinion and Order at 14.

>determined class-wide, while leaving to the future any particular inmate's claim to other relief.

*Id.*

5. Here, the plaintiff brings a nearly identical claim under the ADA; that the Cermak ramp does not comply with the federal accessibility standards. This proposed 23(b)(3) class "will win if the Standards apply (and were violated, to the detainees' detriment) and otherwise will lose." *Bennett v. Dart*, 953 F.3d 467, 469 (7th Cir. 2020). This case presents an issue "relevant to every detainee" required to traverse the Cermak ramp. Similar to the *Bennett* plaintiffs, a "class certified under Rule 23(c)(4) resolves the *issue*, not the whole case" and "[c]lass members would receive the benefit of a declaratory judgment (if the class prevails) on the issue but would need to proceed in the individual suits to seek damages; by contrast, if the class loses, every detainee would be bound through the doctrine of issue preclusion."

6. As for the superiority component of Rule 23(b)(3), the Court found plaintiff did not meet this element merely relying on the district court's analysis in *Bennett*. Dkt. 62, Memorandum Opinion and Order at 14-15. Again, the Seventh Circuit's instruction in *Bennett* requires a second review of this analysis. Moreover, since the Court's certification order on March 3, 2021, several plaintiffs have brought claims seeking damages for moving up and down the Cermak ramp. These cases include:

   a. *Craig v. Dart*, 21-cv-4835;

   b. *Williams v. Dart*, 22-cv-3919;

   c. *Kellum v. Dart*, 22-cv-5184; and

   d. *Lacy v. Dart*, 22-cv-5861.

7. A Rule 23(b)(3) class is a superior method to litigate whether the Cermak ramp complies with the federal accessibility standards. The district court's reasoning in *Bennett* – to certify this case - aptly applies here because "the merits of Plaintiff's proposed class turn upon a single legal question, proceeding as a class achieves economies of time, effort, and expense and promotes uniformity of decision." *Bennett v. Dart*, 2020 WL 1812376, at *3 (N.D. Ill. 2020). For the reasons previously explained by the Court of Appeals in *Bennett*, addressing the issue of whether the Cermak ramp complies with the structural standards addresses one issue relevant to every wheelchair-user. *See Bennett*, 2022 WL 16915837, at *1.

8. Per Rule 23(c)(1)(C), "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). "Thus, a district court's order denying or granting class status is inherently tentative." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978); *see* also *Microsoft Corp. v. Baker*, 137 S.Ct. 1702, 1711 (2017) (citing *Coopers & Lybrand* for the rule a certification order "is subject to revision in the District Court").

9. The recent decision in *Bennett* along with the subsequent filing of several cases alleging the same violation of federal law demonstrate this case should proceed as a Rule 23(b)(3) class.

It is therefore respectfully requested that the Court grant plaintiff's renewed motion to certify this case under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Patrick W. Morrissey
Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773) 233-7901
pwm@morrisseylawchicago.com

*an attorney for plaintiff*