IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORNELIUS WALKER, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| -*vs*- ) | Case No. 20-cv-261 |
| ) | |
| THOMAS DART, Sheriff of Cook County, ) | Judge Mary M. Rowland |
| and COOK COUNTY, ILLINOIS, ) | Magistrate Jeannice W. Appenteng |
| ) | |
| *Defendants.* ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants, THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, by their attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL, LTD., respond to Plaintiff's motion for partial summary judgment as follows:

**INTRODUCTION**

Plaintiff moves for partial summary judgment on the single issue of whether the Cermak ramp complied with the accessibility standards for handrails. Plaintiff, however, presents no evidence that he or any class member suffered an actual injury due to the alleged non-compliant handrails. Plaintiff's motion thus raises the question of whether a court can decide an abstract question of law (whether the ramp complied with the accessibility standards for handrails) when no plaintiff or class member has suffered an injury due to the alleged non-compliant handrails. Based on an abundant body of case law, the answer is an unwavering "no."

Even if regulatory non-compliance exists, a court lacks jurisdiction to decide abstract questions of law unless a plaintiff has standing to bring his claim. Standing requires, at a minimum,

1

a concrete injury traceable to the alleged regulatory non-compliance. A plaintiff may have standing to challenge one type of non-compliance while at the same time not have standing to challenge another type of non-compliance. As such, even if Plaintiff and the class members, who are all persons who used a wheelchair to traverse the Cermak ramp, have standing to challenge the slope of the ramp, they do not have standing to challenge the alleged non-compliant handrails. Without standing, this Court lacks jurisdiction to decide the issue of the handrails, and Plaintiff's motion for partial summary judgment must be denied.

## LEGAL STANDARDS

### I. SUMMARY JUDGMENT

In cases where a "movant is seeking summary judgment on a claim as to which it bears the burden of proof, it must lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Hotel 71 Mezz Lender Ltd. Liab. Co. v. Nat'l Ret. Fund.*, 778 F.3d 593, 601 (7th Cir. 2015).

Summary judgment is not appropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Courts "must therefore construe the record in the light most favorable to the nonmovant and avoid the temptation to decide which party's version of the facts is more likely true." *Id.*; *see also Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 760 (7th Cir. 2021) ("[N]o matter how tempting it might be on summary judgment to be distracted by the sparkle of seemingly compelling facts, our assigned task is to take the facts in the light most favorable to the non-moving party . . . .").

2

## II.     ARTICLE III STANDING REQUIREMENTS

"If a plaintiff lacks standing, a federal court lacks jurisdiction." *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 461 (7th Cir. 2020). A challenge to the court's jurisdiction may not be waived, as courts have an "independent obligation to examine [its] own jurisdiction, and standing 'is perhaps the most important of the jurisdictional doctrines.'" *Kochert v. Greater Lafayette Health Servs.*, 463 F.3d 710, 714 (7th Cir. 2006)

Under the doctrine of standing, a plaintiff must have "(1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021); *see also Baysal v. Midvale Indem. Co.*, 78 F.4th 976, 978 (7th Cir. 2023) (stating that the "concrete injury" must have been "caused by the asserted wrong").

"A bare procedural violation, divorced from any concrete harm, would not satisfy the injury-in-fact requirement for Article III standing." *Mack v. Resurgent Capital Servs., L.P.*, 70 F.4th 395, 403 (7th Cir. 2023). Under Article III, federal courts cannot answer legal questions, however important, "before those questions have ripened into actual controversies between someone who has experienced (or imminently faces) an injury and another whose action or inaction caused (or risks causing) that injury." *Sweeney v. Raoul*, 990 F.3d 555, 559 (7th Cir. 2021). "[F]ederal courts are prohibited from rendering advisory opinions; they cannot divine on 'abstract dispute[s] about the law.'" *Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of Milwaukee*, 708 F.3d 921, 926 (7th Cir. 2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)).

## **ARGUMENT**

Plaintiff moves for partial summary judgment on the single issue of whether the Cermak ramp complied with the accessibility standards for handrails from May 5, 2018, until January 16,

2023. (Pl.'s Memo., at 6, ECF No. 165.) Plaintiff's sole request in his motion is for "a ruling that the Cermak ramp did not comply with the ADA structural accessibility standards prior to January 16, 2023, because it lacked handrails." (*Id.* at 2.) Plaintiff does not move for summary judgment on the issue of whether the Cermak ramp complied with the accessibility standards for the slope, rise, and run of the ramp.

Plaintiff also does not move for summary judgment on any element of his claim, including whether "(1) he is a qualified individual with a disability, (2) a public entity denied him the benefits of its services, programs, or activities or otherwise subjected him to discrimination, and (3) the denial or discrimination occurred because of his disability." *Thomas v. Dart*, No. 17 C 4233, 2018 U.S. Dist. LEXIS 142762, at *8 (N.D. Ill. Aug. 22, 2018) (citing *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015)).

Before the Court can rule on whether the Cermak ramp complied with the accessibility standards for handrails, it must "assure itself of its jurisdiction." *Flynn v. FCA US LLC*, 39 F.4th 946, 953 (7th Cir. 2022). "To invoke the jurisdiction of a federal court, a plaintiff must demonstrate that he has standing to sue, a requirement 'rooted in the traditional understanding of a case or controversy.'" *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1064 (7th Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)).

As the party invoking federal jurisdiction, Plaintiff bears the burden of demonstrating he has standing to sue to remedy an alleged violation. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207–08 (2021) ("As the party invoking federal jurisdiction, the plaintiffs bear the burden of demonstrating that they have standing."). Plaintiff must meet this burden with evidence, not allegations. *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 284–85 (7th Cir. 2020). Plaintiff has failed to meet his burden because he has not submitted any evidence he suffered a concrete

4

and particularized injury that is fairly traceable to the alleged violation, i.e., non-compliant handrails on the Cermak ramp. As such, this Court lacks jurisdiction to decide the issue presented in Plaintiff's motion for partial summary judgment, and his motion must be denied.

### I. PLAINTIFF FAILS TO MEET HIS BURDEN OF SHOWING HE SUFFERED AN ACTUAL INJURY DUE TO THE ALLEGED NON-COMPLIANT HANDRAILS.

To demonstrate standing at the summary judgment stage of litigation, a plaintiff must "set forth" by affidavit or other evidence "specific facts" demonstrating he has suffered "a concrete and particularized injury that is both fairly traceable to the challenged conduct and likely redressable by a judicial decision." *Spuhler*, 983 F.3d at 284 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). "The burden of making this showing—of demonstrating the requisite injury to invoke federal jurisdiction—rests with the plaintiff." *Keep Chicago Livable v. City of Chicago*, 913 F.3d 618, 623 (7th Cir. 2019).

Plaintiff has failed to submit *any* evidence establishing he suffered a concrete and particularized injury that was caused by the alleged non-compliant handrails on the Cermak ramp. *See Spuhler*, 983 F.3d at 284 (stating that at the summary judgment stage, a plaintiff must submit evidence to establish standing).

Plaintiff points to the testimony of Eric Davis for the proposition that the purpose of handrails under the ADA is to allow a person in a wheelchair to "steady themselves." (Pl.'s SOF ¶ 32.) First, this is a disputed fact, so Plaintiff is not entitled to summary judgment on this ground alone. (Defts' Resp. to Pl.'s SOF ¶ 32.) Second, Mr. Davis has not been disclosed or qualified as an expert on federal statutes or federal regulations, so Plaintiff cannot rely on this testimony for summary judgment. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) (stating that "a court may consider only admissible evidence in assessing a motion for summary judgment"). Expert testimony must be admissible to be considered in a motion for summary judgment. *See*

5

*Porter v. Whitehall Labs., Inc.*, 9 F.3d 607, 612 (7th Cir. 1993); *see also Rosen v. Ciba–Geigy Corp.*, 78 F.3d 316, 320 (7th Cir. 1996) (affirming summary judgment when district court declined to consider expert testimony it found inadmissible).

Even if the Court finds Mr. Davis to be an expert, his opinion that the purpose of handrails under the ADA is to allow a person in a wheelchair to "steady themselves" is not based on sufficient facts or data. In fact, it is not based on *any* facts or data. Under Rule 702, expert testimony must be "based on sufficient facts or data." *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 781 (7th Cir. 2017) (quoting Fed. R. Evid. 702). It is "critical" that there be a "link between the facts or data the expert has worked with and the conclusion the expert's testimony is intended to support." *United States v. Mamah*, 332 F.3d 475, 478 (7th Cir. 2003). Mr. Davis offers only a raw conclusion regarding the purpose of handrails under the ADA without explaining the basis of his opinion. As such, this testimony is insufficient for Plaintiff to meet his burden that he suffered a concrete and particularized injury. *See Burns v. Sherwin-Williams Co.*, 78 F.4th 364, 374 (7th Cir. 2023) (stating that an expert's "bare conclusion" is "properly excluded").

Even if the Court accepts Plaintiff's statement of fact that the purpose of handrails under the ADA is to allow a person in a wheelchair to "steady themselves," Plaintiff still has not presented any evidence that *he* suffered an actual injury because of the alleged non-compliant handrails. For example, to illustrate this argument, the purpose of a stop sign is to regulate the flow of traffic to keep drivers safe. However, just because a stop sign does not comply with traffic regulations does not mean that a driver who approached the stop sign was injured. The same applies to handrails on a ramp. Even if the *purpose* of handrails is to provide stability for those in a wheelchair, which is disputed, this gets Plaintiff nowhere because it does not establish that Plaintiff (or any class member) was *in fact* injured by the alleged non-compliant handrails.

6

Similarly, the surveillance video Plaintiff submits as exhibits that purportedly shows "class members and other inmates with mobility disabilities traverse this ramp without the benefit of handrails" does not establish standing. (Pl.'s Memo., at 6.) Article III requires that "the plaintiff's injury in fact be 'concrete'—that is, 'real, and not abstract.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). The surveillance video of some unidentified individuals traversing an unidentified ramp is wholly inadequate to establish an injury-in-fact where Plaintiff bears the burden to establish standing and bears the burden as the movant on summary judgment.

Moreover, the surveillance video shows handrails on each side of the ramp. (Defts' Resp. to Pl.'s SOF ¶¶ 41–44.) As seen in the video, not one inmate uses or attempts to use the handrails. (*Id.*) The inmates slowly and successfully traverse the ramp, with officers either assisting, escorting, or close behind the inmates as they traverse the ramp. (*Id.*) The inmates are sitting in a wheelchair with no issues relating to stability or potential for falling. (*Id.*) As the accessibility standards state, the purpose of handrails is "to maintain balance and prevent serious falls." (*Id.* ¶ 32.) The video shows the inmates did not have any trouble with maintaining balance as they sat in the wheelchairs or were at any risk of falling out of the wheelchairs. (*Id.* ¶¶ 41–44.) The video shows the inmates did not need the handrail to "steady themselves" while traversing the ramp. (*Id.*)

Even if the Court finds the surveillance video to be sufficient evidence of injury to *others*, Plaintiff's motion must still be denied. A named plaintiff cannot "piggy-back" on the alleged injuries of class members to establish standing. *Payton v. County of Kane*, 308 F.3d 673, 682 (7th Cir. 2002). A plaintiff "cannot predicate standing on injury which he does not share. Standing cannot be acquired through the back door of a class action." *Id.* (citation omitted); *see also Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998) (stating that if a plaintiff never had standing to bring

7

his claim, then "federal jurisdiction never attached" regardless of whether a class action was later certified).

Plaintiff may argue in his reply brief that he was injured because he alleged in his complaint that "the ramp is long and does not have a landing area to rest as required by the ADA," which resulted in "burning hands while attempting to break while moving down the ramp." (Pl.'s 2nd Am. Compl. ¶ 14, ECF No. 34.) First, Plaintiff has waived this argument (or any other argument he makes for the first time in his reply brief). *See Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019) ("[A]rguments raised for the first time in a reply brief are waived").

Second, this argument would fail on the merits. Plaintiff's allegations in his complaint are insufficient to establish standing at the summary judgment stage. "As the litigation progresses, the way in which the plaintiff demonstrates standing changes." *Spuhler*, 983 F.3d at 285. Allegations may be sufficient at the pleadings stage, but *evidence* is required at summary judgment. *See id.* At summary judgment, a "plaintiff must offer evidence showing *actual harm*" to establish standing. *Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1019 (7th Cir. 2016) (emphasis added).

Moreover, an alleged injury based on the claimed steepness of the ramp is distinct from an injury based on non-compliant handrails. Plaintiff alleges he experienced a sensation of "burning hands" due to the claimed steepness of the ramp with no landing. Plaintiff's complaint, however, does not contain any allegation he suffered an injury because he was unable to "steady [himself]" with handrails as he traversed the ramp. (*See generally* Pl.'s 2nd Am. Compl.)

To establish standing, Plaintiff must show an injury that is "fairly traceable to the *challenged conduct*." *Id.* at 284 (emphasis added). A plaintiff may have standing to challenge one type of non-compliance while at the same time not have standing to challenge another type of non-compliance. *See Hummel*, 817 F.3d at 1020–21 (stating that plaintiffs may "have standing to

8

challenge the features of the courthouse that could cause them to suffer future discrimination" while at the same time not "have standing to challenge the features that would not directly affect [them]").

As the Supreme Court stated over two decades ago, "standing is not dispensed in gross." *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996). "If the right to complain of one administrative deficiency automatically conferred the right to complain of *all* administrative deficiencies, any citizen aggrieved in one respect could bring the whole structure of state administration before the courts for review. That is of course not the law." *Id.* (emphasis in original).

Plaintiff is trying to do in this case what the Supreme Court foreclosed in *Lewis*. Plaintiff complains that "the ramp is long and does not have a landing area to rest" and is attempting to use this allegation to complain about *all* alleged deficiencies with the ramp, even those that caused him no injury, such as the handrails. This is impermissible. Standing is not dispensed in gross. *See id.* Plaintiff may not use an alleged injury traceable to one challenged conduct (long ramp with no landing) to confer him a right to complain of another challenged conduct (handrails) which caused him no injury.

Plaintiff has "cast[] [himself] in the role of a private attorney general." *Acheson Hotels, LLC v. Laufer*, 601 U. S. \_\_\_, 2023 U.S. LEXIS 4657, at *15 (2023) (Thomas, J., concurring in the judgment). Without an injury based on the alleged non-compliant handrails, Plaintiff "lacks standing" to sue Defendants under the ADA for this challenged conduct. *See id.*

## CONCLUSION

For these reasons, Defendants THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, respectfully request that this Honorable Court deny Plaintiff's motion for partial summary judgment, and grant such other relief that this Court deems just and appropriate.

                                                                              Respectfully submitted,

                                                                              KIMBERLY M. FOXX
State's Attorney of Cook County

Dated: December 18, 2023                                     /s/ *Samuel D. Branum*
                                                                              Special Assistant State's Attorney


Brian P. Gainer (gainerb@jbltd.com)
Monica Burkoth (burkothm@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770