IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cornelius Walker, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| -vs- ) | No. 20-cv-261 |
| ) | |
| Thomas Dart, Sheriff of Cook ) | Judge Rowland |
| County, and Cook County, Illinois, ) | |
| ) | |
| ) | |
| *Defendants.* ) | |

**PLAINTIFF'S MOTION FOR PERMANENT INJUNCTIVE RELIEF**

The plaintiff class, by counsel, moves the Court to order defendant Cook County to make the necessary architectural modifications at the Cermak ramp to comply with the Americans with Disabilities Act.

Grounds for this motion are as follows:

1. The Cermak Health Services Facility (Cermak) is located at 2800 S. California in Chicago and construction commenced after July 26, 1992. Dkt. 194, Defendants' Local Rule Response ¶¶ 5-6. There is a ramp located at the basement level that connects Cermak to other parts of the Department of Corrections. *Id.* ¶¶ 7-12.

2. There is no dispute this ramp must comply with the ADA; the building was constructed after 1992. Moreover, defendants know the ramp is non-compliant with the ADA because the rise is over 30 inches and the handrailings do not extend a minimum of 12 inches beyond the ramp,

-1-

according to Globetrotters, an architectural engineering firm hired by Cook County to analyze this ramp.[1] Exhibit 1, Corridor Ramp Assessment at 3.

3. The Seventh Circuit in *Lacy v. Cook County*, explained a permanent injunctive relief is appropriate when a plaintiff has shown: "(1) success . . . on the merits; (2) irreparable harm; (3) that the benefits of granting the injunction outweigh the injury to the defendant, and (4) that the public interest will not be harmed by the requested relief." 897 F.3d 847, 867 (7th Cir. 2018) (cleaned up). The plaintiff class meets each of these elements.

## I. Success on the merits

4. The plaintiff class has demonstrated success on the merits. The federal accessibility regulation states:

> If physical construction or alterations [of a facility] commence after July 26, 1992 . . . then the new construction and alternations subject to this section must comply with either UFAS or the 1991 Standards . . . [d]epartures from particular requirements of either standards by the use of other methods shall be permitted when it is clearly evident that equal access to the facility or part of the facility is thereby provided.

---

[1] Cook County issued Request for Qualifications (RFQ) No. 2215-02221 in 2022 to solicit architectural and engineering services for ADA improvements to Cermak. Exhibit 2, RFQ at 1. Eric Davis, the Deputy Director of Cook County Capital Planning and Policy, was produced by Cook County as a Rule 30(b)(6) designee on January 24, 2022. Exhibit 3, Davis (1/24/2022) Dep 298:6-8. Mr. Davis testified that Cook County was in the process of hiring an Architect of Record to make a "definitive determination" whether the Cermak ramp complies with the applicable ADA architectural standards. Exhibit 3, Davis (1/24/2022) Dep 316:6- 317:16; Exhibit 4, Rule 30(b)(6) Notice ¶ 8.

Globetrotters, pursuant to RFQ No. 2215-02221, prepared an ADA Compliance Assessment and Schematic Design for Cermak on December 6, 2023. Exhibit 1. Globetrotters found the rise of the ramp is "32.4 inches" and the slope to be "slightly shallower than 1:16." Exhibit 1, Corridor Ramp Accessibility Assessment at 3, 12.

28 C.F.R. § 35.151(c)(1).

5. Section 4.8.2 of the Americans with Disabilities Act Guidelines for Buildings and Facilities (ADAAG), 28 C.R.F. Pt. 36, App. A. specifies that "[t]he least possible slope shall be used for any ramp," "[t]he maximum slope of a ramp in new constructions shall be 1:12," and "[t]he maximum rise for any run shall be 30 [inches]." Exhibit 5 at 30, ADAAG 4.8.2. In addition, handrails must extend at least 12 inches beyond the top and bottom of a ramp. *Id* at 32, ADAAG 4.8.5.

6. The rise of the Cermak ramp is greater than 32 inches and handrails do not extend at least 12 inches beyond the top and bottom of the ramp and therefore it does not comply with the applicable federal standards. Cook County's subject matter expert, Globetrotters, concedes the ramp does not comply with the ADA. Exhibit 1, Corridor Ramp Assessment at 15. Indeed, plaintiff's retained expert, Gary Keclik concurs the ramp is not compliant with the ADA, in part, because the rise if over 30 inches and there is no intermediate landing. Exhibit 6, Keclik Decl. ¶¶ 3-4.

7. Any practice or policy of pushing wheelchair-users up and down the non-compliant ramp does not satisfy defendants' obligation under the ADA. "Title II of the ADA requires affirmative, proactive accommodations necessary to ensure meaningful access to public services and programs, not accommodations upon request, otherwise

public entities could simply avoid the ADA structural standards in favor of providing an aid or beneficiary, and then avoid affirmative compliance together by awaiting requests for assistance." *Crockwell v. Dart*, 15 C 825, 2016 WL 4493456, at *3 (N.D. Ill. Aug. 26, 2016) (Shah, J.) (citing *Clemons v. Dart*, No. 13 C 02356, 2016 WL 890697, at *6 (N.D. Ill. Mar. 9, 2016)).

8. On final note, defendants cannot argue bringing the ramp into compliance is technically infeasible. *See* 28 C.F.R. § 35.151(b)(1). Globetrotters' report explains how Cook County can bring this ramp into compliance with the ADA. *See* Exhibit 1, Corridor Ramp Assessment at 4.

## II. Irreparable harm

9. Members of the class suffer irreparable harm without permanent injunctive relief. Class counsel turned over declarations from Ron Brown, Eugene Westmoreland, and Tirnell Williams, wheelchair-users, who aver moving up and down the non-compliant ramp was unsafe and caused physical pain. Exhibit 7, Ron Brown Declaration; Exhibit 8, Tirnell Williams Declaration; Exhibit 9, Eugene Westmoreland Declaration.

10. Class members suffer irreparable harm by moving up and down the non-compliant ramp and this harm should be remedied by bringing the ramp into compliance with the ADA. *See* Exhibit 1, Cermak Ramp Assessment at 9.

### III. Benefits of granting the injunction outweigh the injury to the defendants

11. The benefits of granting the injunction outweigh any harm to defendants. As explained in *Lacy*, "[p]erhaps the most obvious example of such discrimination is when structural barriers prevent people with disabilities from accessing otherwise available public services." 897 F.3d at 853. Indeed, an injunction would correct the obvious barriers prevented by the presently inaccessible ramp. Any injury to defendants, to repair a ramp that all parties concede is non-compliant, is minimal.

### IV. Public interest is not harmed by injunction

12. An injunction protecting the federal rights is in the public interest. Mr. Davis, testified increasing accessibility in Cook County facilities is an important issue for Cook County government because it increases their goal to provide "accessibility and equal access across the County." Dkt. 194, Defendants' Local Rule Response ¶ 40 (citing deposition testimony of Eric Davis).

## V. Conclusion

Accordingly, the plaintiff class moves the Court to order defendant Cook County to make the necessary architectural modifications at the Cermak ramp to comply with the ADA.

                Respectfully submitted,

/s/ <u>Patrick W. Morrissey</u>
Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773) 233-7901
pwm@morrisseylawchicago.com

*an attorney for the plaintiff class*