IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORNELIUS WALKER, | |
| Plaintiff, | |
| v. | Case No. 20-cv-261 |
| THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, | Judge Mary M. Rowland |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cornelius Walker, a detainee at Cook County Jail, brought this class action against Sheriff Thomas Dart and Cook County, Illinois, (collectively "Defendants") for alleged violations of Section 202 of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12132, Section 504 of the Rehabilitation Act ("RA"), and 29 U.S.C. §794(a). Before the Court is Plaintiff's motion for partial summary judgment. [225]. For the reasons stated below, Plaintiff's motion for partial summary judgment is granted.

### BACKGROUND

The Court assumes familiarity with, and incorporates by reference, its Memorandum Opinion and Order denying Plaintiff's motion for partial summary judgment and dismissing the case for lack of jurisdiction ([249]) and its Memorandum Opinion and Order granting Plaintiff's motion for reconsideration and finding Plaintiff has Article III standing ([278]).

1

The Court will briefly summarize the factual background and procedural history. There is a passageway that connects an access tunnel to the Cermak Health Facility, which provides health services for and houses detainees at the Cook County Department of Corrections. [239] ¶¶ 4, 6, 8; [244] ¶ 1. At the time this litigation was initiated, there was a ramp in the passageway. A December 2023 Corridor Ramp Accessibility Assessment conducted by a third-party architectural/engineering firm, Globetrotters Engineering Corporation, found the Cermak ramp had a rise of 32.4 inches, was continuous without a landing, lacked a handrail, and the later-installed handrails did not extend 12 inches beyond the ramp. [239] ¶¶ 21, 34, 46, 52–54, 60, 78; [244] ¶¶ 5–6, 9–11, 13; [226-11] at 8. Plaintiff brought claims pursuant to the ADA and Rehabilitation Act for legal remedies and injunctive relief to bring the ramp into compliance with the applicable standards. The passageway has since undergone a renovation, and its rise has been reduced such that it is no longer considered a ramp under the ADA. [295-2] Nov. 18, 2025 Surveyor's Report. The parties agree the Cermak passageway complies with federal accessibility standards as of November 14, 2025 and Plaintiff's motion for injunctive relief [209] was mooted. [298].

## LEGAL STANDARDS

### I. Summary Judgment Legal Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such

2

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law controls which facts are material. *Id.* After a "properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 250 (quoting Fed. R. Civ. P. 56(e)).

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [ ] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Logan v. City of Chicago*, 4 F.4th 529, 536 (7th Cir. 2021) (quotation omitted). The Court "must refrain from making credibility determinations or weighing evidence." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 467 (7th Cir. 2020) (citing *Anderson*, 477 U.S. at 255). In ruling on summary judgment, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id.*

## ANALYSIS

### II. Plaintiff's Motion for Partial Summary Judgment

The Plaintiff Class's motion for summary judgment is limited to the discrete question of whether the Cermak ramp violated and continues to violate the 1991 ADA Structural Standards from May 5, 2018 until November 14, 2025 when the

Defendants renovated the ramp and certified that it complies with the ADA. [227] at 1, 12. Defendants argue summary judgment is inappropriate because the Cermak Ramp substantially complied with the ADA and any technical non-compliance was *de minimis*. [241] at 11–14. For the reasons explained below, this Court grants partial summary judgment in favor of the Plaintiff Class.

### a. The 1991 ADA Structural Standards

The ADA requires public entities, such as correctional facilities, to "take reasonable measures to remove architectural and other barriers to accessibility." *Tennessee v. Lane*, 541 U.S. 509, 531 (2004) (citing 42 U.S.C. § 12132). A reasonable measure includes designing a building in "such manner that the facility or part of the facility is readily accessible to and usable by handicapped persons." 28 C.F.R. § 35.151(a)(1). A building is "readily accessible" if it complies with ADA and RA accessibility guidelines, compliance with which is required by applicable regulations. *Lane*, 541 U.S. at 532. The appropriate guideline for a particular building is determined by the building's age. If physical construction or alterations "commence[d] after July 26, 1992, but prior to September 15, 2010, then new construction and alterations" must comply with either the Uniform Federal Accessibility Standards ("UFAS") or the 1991 ADA Structural Standards. 28 C.F.R. § 35.151(c)(1). It is uncontroverted that Cermak was built after July 26, 1992. [239] ¶ 4. Accordingly, the construction of Cermak was required to comply with the 1991 ADA Structural Standards.

The Cermak Health Services Facility is subject to ADA accessibility standards

4

that require accessible ramps. Under the 1991 ADA Structural Standards, the maximum rise for any ramp is 30 inches. 1991 Standards § 4.8.2.[1] And ramps with a rise greater than 6 inches or a horizontal projection greater than 72 inches are required to have handrails on both sides and those handrails must extend at least 12 inches beyond the top and bottom of a ramp segment when the handrails are non-continuous. *Id.* § 4.8.5.

There is no dispute that the measurements of the Cermak ramp deviated from the 1991 ADA Structural Standards during the relevant time period. When Cook County's third-party architectural/engineering firm, Globetrotters Engineering Corporation ("GEC"), assessed the ADA compliance of the Cermak Health Services Facility using a three-dimensional LIDAR system, it found the Cermak ramp had a rise of 32.4 inches—2.4 inches over the maximum rise set forth in the 1991 ADA Structural Standards. [239] ¶¶ 52–54; [244] ¶¶ 9–11; [226-11] at 8. Furthermore, the ramp was continuous without a landing (*see* [239] ¶¶ 21, 62), lacked a handrail for part of the relevant time period (*id.* ¶¶ 23, 34, 46, 78), and the later-installed handrails did not extend 12 inches beyond the ramp (*id.* ¶ 60; [244] ¶ 13).

### b. Non-Compliance with the 1991 ADA Structural Standards

Defendants make four arguments in opposition to summary judgment despite the undisputed record of deviations from the 1991 ADA Structural Standards: (1) the Cermak ramp substantially complied with the Structural Standards; (2) any technical non-compliance was *de minimis*; (3) the 2.4 inch difference of the ramp's

---

[1] The design requirements are identical under the Uniform Federal Accessibility Standards.

rise from the Structural Standards was permissible because wheelchair users had full access to the programs and facilities that are accessed via the Cermak ramp; and (4) installation of handrails that extend 12 inches beyond the ramp was infeasible. [241] at 11–14. The Court considers each of these arguments in turn.

First, Defendants assert summary judgment in favor of the Plaintiff Class is inappropriate because the Cermak ramp substantially complied with the 1991 ADA Structural Standards. But Defendants do not cite any binding authority to support their claim that such a finding by this Court would be proper as a matter of law, nor is the Court aware of such authority. *See* [241] at 12. The authorities Defendants cite are unpersuasive. For example, in *Lonberg v. City of Riverside*, 2000 U.S. Dist. LEXIS 22758 (C.D. Cal. June 12, 2000), the court declined to decide whether substantial compliance with ADA regulations is sufficient and granted plaintiff's motion for partial summary judgment after holding the defendants did not achieve compliance with the ADA regulations regardless of the required degree of compliance. *Id.* at *30. Likewise, the court in *Bacal v. SEPTA*, 1998 U.S. Dist. LEXIS 8700 (E.D. Pa. May 28, 1998) did not apply a substantial compliance standard regarding the ADA nor did it hold that substantial compliance is a defense to violations of ADA regulations. *Id.* at *38 n.28.

Even if substantial compliance was the appropriate standard, Defendants have not supplied undisputed facts for the Court to make such a finding. Instead, Defendants note that the 1996 pre-construction drawing prepared by the facility's architect show that the rise of the Cermak ramp was intended to be 30 inches and a

2022 survey (done with less sophisticated technology than the 2023 survey done with a three-dimensional LIDAR system) showed the rise of the ramp to be 30 inches down the middle of the ramp.[2] [244] ¶¶ 3–4. Without determining whether this evidence is admissible, it does nothing to either create a dispute of material fact regarding the more recent LIDAR measurement of the rise of the ramp or substantiate whether the ramp as it undisputedly existed before its removal—rather than as it was intended— reaches a particular degree of substantial compliance with the 1991 ADA Structural Standards. No reasonable factfinder could find the Cermak ramp substantially complied with ADA regulations based on the undisputed record. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) ("[T]he difference between compliance and noncompliance with the standard of full and equal enjoyment established by the ADA is often a matter of inches.").

Second, Defendants argue, to the extent the Cermak ramp did not comply with the 1991 ADA Structural Standards, any such technical non-compliance is *de minimis*. [241] at 12–14. This argument is unavailing. Defendants asserted the same defense in *Crockwell v. Dart*, 2016 WL 4493456 (N.D. Ill. Aug. 26, 2016). The court rejected the position and found that failure to make reasonable accommodations is tantamount to denying access to services. *Id.* at *3 (quoting *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012)). So too here.

Third, Defendants contend the heightened rise of the ramp was permissible because wheelchair users traversing the Cermak ramp had full access to the

---

[2] Plaintiff objects to the admissibility of this survey. [244] ¶ 4.

7

programs and facilities that are accessed via the ramp. They argue Defendants may comply with the statutes even if the structural standards were technically not met and point to "equivalent facilitation" provisions in ADA and RA regulations. [241] at 14 (discussing 28 C.F.R. § 35.151(c)(1) and 28 C.F.R. § 42.522(b)(1)). In sum, Defendants claim their policy of having correctional officers available to assist wheelchair-using inmates up and down the Cermak ramp provides equivalent access. *Id.* But Plaintiff disputes that Defendants have a policy or practice of helping inmates traverse the ramp. [244] ¶ 17.

Other courts in this district have rejected the same argument numerous times before. *Roberts v. Dart*, 2018 WL 1184735, at *4 (N.D. Ill. Mar. 7, 2018) (holding disabled inmate was denied access to a toilet on a basis equal to non-disabled persons because defendants required plaintiff to seek permission before using an accessible toilet); *Clemons v. Dart*, 168 F. Supp. 3d 1060, 1068–69 (N.D. Ill. 2016) (holding defendants did not provide equivalent access when requiring plaintiff to rely on nursing assistance, "in arguing that assistance was available to Clemons whenever he asked for it, the Sheriff gets things backward: Cermak was required to provide nondiscriminatory access; Clemons was not required to request it."); *Flora v. Dart*, 2017 WL 2152392, at *6 (N.D. Ill. May 17, 2017) (finding Cook County Sheriff's policies that required plaintiff to get assistance from a nurse or an officer in order to use the bathroom or shower rendered him completely dependent on others to perform these necessary activities and thus did not constitute equivalent access). The Court agrees with its well-reasoned colleagues. Notwithstanding the dispute regarding

8

Defendants' ramp assistance policy and practice, no reasonable factfinder could determine the disputed policy provided equivalent access.

Finally, Defendants claim installation of handrails that extend 12 inches beyond the Cermak ramp was infeasible. [241] at 14. There is no dispute that the Cermak ramp had handrails that extended the length of the ramp, but because of obstructions from the adjacent door, the handrails did not extend 12 inches beyond the ramp as required by ADA regulations. [239] ¶ 60; [244] ¶ 13. It is also undisputed that a special type of fitting was required to have the handrails extend beyond each end of the ramp. *Id*. However, the parties dispute whether the needed special fitting was available for anti-ligature handrails. [244] ¶ 13. Moreover, the parties dispute whether anti-ligature handrails were a necessary safety precaution in a jail setting. [244] ¶ 14. But technical infeasibility is not a defense available to Defendants here. Only when an existing facility constructed before January 26, 1992 is altered may a party contend certain alterations are not feasible. 28 C.F.R. § 35.151(b)(1). There is no dispute Cermak was built after July 26, 1992 and has not been subsequently altered, and thus the ramp cannot evade ADA Structural Standards based on claimed technical infeasibility.

Accordingly, the Court grants summary judgment in favor of the Plaintiff Class and holds the Cermak ramp did not comply with the Structural Standards required by the ADA and RA for the time period between May 5, 2018 and November 14, 2025.

## CONCLUSION

For the stated reasons, Plaintiff's motion for partial summary judgment [225] is

9

granted. By January 5, 2026, Plaintiff shall submit to the Court a proposed class notice and the parties shall file a joint status report status report regarding next steps in the litigation.

ENTER:

Dated: December 5, 2025

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

10