**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CORNELIUS WALKER,

Plaintiff,

v.

THOMAS DART, Sheriff of Cook
County, and COOK COUNTY,
ILLINOIS,

Defendants.

Case No. 20-cv-261

Judge Mary M. Rowland

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cornelius Walker, a detainee at Cook County Jail, brought this class action against Sheriff Thomas Dart and Cook County, Illinois, (collectively "Defendants") for alleged violations of Section 202 of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12132, Section 504 of the Rehabilitation Act ("RA"), and 29 U.S.C. §794(a). Before the Court is Plaintiff's motion for order requiring Defendants to pay for class notice. [305]. Defendants oppose Plaintiff's request. For the reasons stated below, Plaintiff's motion is granted in part and denied without prejudice in part.

## BACKGROUND

The Court assumes familiarity with the extensive factual and procedural record in this case and offers a brief summary. At the time this litigation was initiated, there was a ramp in the passageway connecting the access tunnel to the Cermak Health Facility from the Cook County Jail (the "Cermak ramp"). [239] ¶¶ 4, 6, 8; [244] ¶ 1.

1

An assessment conducted by a third-party architectural/engineering firm found the Cermak ramp had a rise of 32.4 inches, was continuous without a landing, lacked a handrail, and the later-installed handrails did not extend 12 inches beyond the ramp. [239] ¶¶ 21, 34, 46, 52–54, 60, 78; [244] ¶¶ 5–6, 9–11, 13; [226-11] at 8. Plaintiff asserted individual and class claims under the ADA and Rehabilitation Act for legal remedies and injunctive relief to bring the ramp into compliance with the applicable standards. The Court certified a Rule 23(b)(2) class and a Rule 23(b)(3) class limited to resolving a Rule 23(c)(4) issue.[1] [62]; [159]. The passageway has since undergone a renovation, and its rise has been reduced such that it is no longer considered a ramp and the parties agree the Cermak passageway complies with federal accessibility standards as of November 14, 2025, thus mooting Plaintiff's claim for injunctive relief. [298]. On December 5, 2025, the Court granted partial summary judgment in favor of Plaintiff and held the Cermak ramp did not comply with the Structural Standards required by the ADA and RA for the time period between May 5, 2018 and November 14, 2025. [300]. At the direction of the Court, Plaintiff submitted a proposed class notice and contacted Atticus Administration, who previously administered notice in this case, to obtain a proposal for notice here. [301]. The estimated cost of notice is $24,235.[2] [305-1].

Plaintiff now moves to shift costs of class notice. [305]. Defendants oppose. [314].

---

[1] The Court declined to certify a Rule 23(b)(3) damages class. [62] at 14–15.

[2] Defendants do not challenge the reasonableness of this estimate.

2

## ANALYSIS

Plaintiff moves the Court to shift costs of class notice to Defendants based on the Court's partial summary judgment order. [305]. Defendants oppose the motion on three grounds: (1) Plaintiff is not a "prevailing party" entitled to fee shifting under the ADA; (2) the traditional rule is that plaintiffs, not defendants, bear the cost of class notice; and (3) it is premature to send notice to the class members while the class representative's case is pending. [314]. The Court addresses each argument in turn.

### I.     Prevailing Party

Plaintiff Walker requests this Court order Defendants pay the costs of mailing class notice to class members pursuant to the ADA's fee-shifting provision, 42 U.S.C. § 12205. [305]. The ADA permits that a court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs."[3] 42 U.S.C. § 12250. When assessing whether a party in an ADA action is entitled to recover fees or costs, a court must first determine if the party seeking fees or costs is a prevailing party. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The parties dispute whether Plaintiff satisfies this requirement. Plaintiff contends he is the prevailing party on account of the Court's opinion granting Plaintiff's motion for partial summary judgment. [305] at 2–3 (citing December 5, 2025 Summ. J. Op.

---

[3] Without making a full argument or citing any cases in support, Defendants suggest the expense of class notice falls outside the ambit of § 12205 by distinguishing notice as a procedural element required in a class action that benefits the entire class from other expenses incurred in litigating the merits of a case. [314] at 8. This is not so. Courts routinely shift the cost of class notice to defendants. *See Bakov v. Consol. World Travel, Inc.*, 68 F.4th 1053, 1058–60 (7th Cir. 2023) (explaining circumstances when a district court exercises its discretion to shift costs of class notice).

[300]). Defendants argue Plaintiff is not a prevailing party for four independent reasons: (1) the County voluntarily agreed to renovate the Cermak ramp and completed the reconstruction on November 14, 2025; (2) the Court previously denied certification of a Rule 23(b)(3) damages class thus limiting available relief; (3) partial summary judgment does not resolve the whole case or award any damages; and (4) no final judgment has been entered.

Under the ADA, "a 'prevailing party' is one that has been granted relief by a court." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001). For fee-shifting statutes, a litigant "prevails" when he obtains a "material alteration of the legal relationship of the parties." *Id.* at 604 (citing *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792 (1989); *see also Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992) ("to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim"). "A material change occurs when the plaintiff[] succeeds on 'any significant issue in litigation which achieves some of the benefit the [plaintiff] sought in bringing the lawsuit." *Suarez-Torres v. Panaderia Y Reposteria Espana, Inc.*, 988 F.3d 542, 551 (1st Cir. 2021) (quoting *Texas State Teachers Assn.*, 489 U.S. at 789).

Here, pursuant to Rule 23(c)(4), the Court certified the issue of "whether the Cermak ramp complied with the Structural Standards required by the ADA and the RA" during relevant time periods. [159]. The Court found the ramp deviated from the applicable ADA standards—1991 ADA Structural Standards—due to its slope that exceeded the maximum allowable under the standards, the lack of a landing, and

4

deficient handrails. *See* [300]. Accordingly, the Court granted partial summary judgment in favor of Plaintiff. *Id.* Although partial summary judgment did not resolve liability, it resolved the Rule 23(c)(4) issue on the merits thus providing "the benefit of a declaratory judgment" to class members. *Bennett v. Dart*, 53 F.4th 419, 420 (7th Cir. 2022). The question of whether the ramp's compliance with the structural standards was definitionally the lynchpin of the issue class—not a preliminary question as Defendants argue. [314] at 6–7. By deciding the issue for the class, the summary judgment decision materially altered the parties' legal relationship. *See Lefemine v. Wideman*, 568 U.S. 1, 4, (2012) ("And we have repeatedly held that an injunction or declaratory judgment, like a damages award, will usually satisfy that test" for when a plaintiff is a prevailing party).

Defendants' remaining arguments to the contrary are unavailing. First, Defendants' contention that costs are precluded by the "catalyst theory" is misplaced. [314] at 4–5. Under the catalyst theory, a defendant's voluntary change in conduct, even if it accomplishes what the plaintiff sought to achieve by the lawsuit, does not make the plaintiff a prevailing party without a judgment on the merits or a court-ordered consent decree. *Buckhannon*, 532 U.S. at 610; *Palmetto Props., Inc. v. Cnty. of DuPage*, 375 F.3d 542, 547–48 (7th Cir. 2004). Here, Cook County voluntarily agreed to renovate the Cermak walkway such that its rise was reduced and it no longer qualifies as a ramp under the ADA. [295-2] Nov. 18, 2025 Surveyor's Report. Thus, Defendants argue their own efforts brought about the desired outcome of the litigation—renovation of the Cermak ramp—and Plaintiff is not the prevailing party.

5

But, Defendants overlook two critical distinctions between this action and the one where the catalyst theory applies: their actions did not moot the case and the class has a judgment on the merits. Accordingly, the catalyst theory does not preclude Plaintiff from being the prevailing party.

Next, Defendants attack the sufficiency of the partial summary judgment entered for the class as a judgment capable of qualifying Plaintiff as the prevailing party. As far as this Court is aware, there is no rule that a plaintiff must not only literally prevail but must also substantially prevail to be entitled to fees and costs as a prevailing party. See *Texas State Teachers Assn.*, 489 U.S. at 790 (remarking "Congress clearly contemplated that interim fee awards would be available 'where a party has prevailed on an important matter in the course of litigation, even when he ultimately does not prevail on all issues'" and rejecting a "central issue" test). The Court's earlier decision not to certify a Rule 23(b)(3) damages class does not undermine Plaintiff's prevailing class status as Defendants aver. [314] at 5–6. It is true that courts consider "the degree of success" obtained by the prevailing party, but that analysis is conducted when determining the reasonableness of fees the prevailing party seeks. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). And even then, reduction in fees awarded is proper only where the failed claims are "distinct in all respects from [the plaintiff's] successful claims." *Id.* at 440. Defendants' own cases support that this assessment looks at the scope of the claims pending at the time of judgment, not at all phases of litigation. *Tuf Racing Prods., Inc. v. Am. Suzuki Motor Corp.*, 223 F.3d 585, 592 (7th Cir. 2000) (examining degree of success based on claims

presented to the jury, which were scaled back before trial).

Finally, Defendants assert the Court's grant of partial summary judgment on the Rule 23(c)(4) class issue lacks the "judicial imprimatur" to prevail because final judgment has not entered. *Buckhannon*, 532 U.S. at 605. But final judgment (or a settlement made enforceable under a consent decree) is not necessary to determine a judicially sanctioned change in the parties' relationship took place; and final judgment is not dispositive as Defendants contend. *Dupuy v. Samuels*, 423 F.3d 714, 719 (7th Cir. 2005) ("Certainly, as we have explained, '[a] district court has the power to award fees before the entry of a final judgment.'") (quoting *Palmer v. City of Chicago*, 806 F.2d 1316, 1319 (7th Cir. 1986)). Here, the grant of partial summary judgment is a judicially sanctioned final determination of the class issue. The summary judgment decision is a "resolution of a dispute which change[d] the legal relationship between [the plaintiff] and the defendant." *Texas State Teachers Assn.*, 489 U.S. at 792. The Court addresses the impact of the currently pending claims below.

In conclusion, the Court finds that Walker was a prevailing plaintiff for the purpose of recovering cost of notifying the class.

## II. Traditional Rule is that Representative Plaintiffs Bear the Cost of Class Notice

The ordinary rule is that "a plaintiff must initially bear the cost of notice to the class," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974), because usually "there is no warrant for shifting the cost . . . to the defendant" at the outset of the case, *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 356 (1978). *See also id.* at 363 (noting

7

only that it would be unfair to shift costs of class notice to the defendant based solely on a bare allegation of wrongdoing). But district courts have discretion to "tailor the allocation of costs to the specifics of a case" and to shift the costs of notice at later stages of litigation. *Bakov*, 68 F.4th at 1057. Courts rely on a finding of liability to shift notice costs to defendants. *Id.* at 1058–59 (explaining courts have shifted costs of notice where the court has entered an order by summary judgment or otherwise that defendant is liable on the merits before notice is sent). So too here.

Consistent with the traditional rule that plaintiffs bear the initial cost of notice, Plaintiff paid for the costs of initial class notice approved by the Court in July 2023. [167]. Since then, the Court entered partial summary judgment for the issue class. [300]. For the same reasons explained in Section I, this provides a sufficient basis to diverge from the traditional rule of cost allocation.

## III.    Ripeness

Finally, Defendants assert it is premature to send notice to class members when they intend to challenge Plaintiff Walker's standing at trial. Although the Court has found Plaintiff a prevailing party and agrees the circumstances are appropriate to diverge from the traditional rule of cost allocation, the Court ultimately agrees with Defendant that notice is premature.

The Court determined Plaintiff Walker satisfied his burden to establish that he had Article III standing at the time he filed the suit for purposes of summary judgment. [278] at 5–7. But the Court does not have the power to permanently declare that standing exists. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443

8

(7th Cir. 2009) (Article III standing is a "threshold jurisdictional question"). In short, standing can be challenged at each successive stage of litigation but the manner and degree of proof change at each stage. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (*e.g.*, specific facts set forth in an affidavit at the summary judgment phase must be supported adequately by evidence adduced at trial if those facts are controverted). Accordingly, Defendants may attack Walker's standing at trial.

Contrary to Defendants' assertion that a jury will make findings about standing, subject matter jurisdiction, including standing, is a legal issue for the Court to decide. *United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 615 (7th Cir. 2015) ("Whether constitutional, statutory, or prudential in form, standing is a question of law"). Standing may be presented to the Court via a motion for a directed verdict or a bench hearing or another procedural means, but it will not go to the jury. *See, e.g.*, *Soyinka v. Franklin Collection Serv., Inc.*, 2022 WL 900161, at *7 (N.D. Ill. Mar. 27, 2022) (ordering bench evidentiary hearing to make credibility determination to assess standing); *Miller UK Ltd. v. Caterpillar, Inc.*, 2015 WL 7351674, at *9 (N.D. Ill. Nov. 20, 2015) (granting motion to preclude argument regarding lack of standing but permitting evidence regarding standing (or lack thereof)). If the Court determines Plaintiff has not satisfied his burden at trial, the case will be dismissed for lack of subject matter jurisdiction. A determination that Walker lacked standing at the outset of the litigation would be fatal to the class action. *Kohen v. Pacific Inv. Management Co. LLC*, 571 F.3d 672, 676 (7th Cir. 2009) ("*Before* a class is certified, it is true, the named plaintiff must have standing, because at that stage no one else

9

has a legally protected interest in maintaining the suit.") (emphasis in original); *Payton v. County of Kane*, 308 F.3d 673, 682 (7th Cir. 2002) ("a person cannot predicate standing on injury which he does not share").

Although the Court is sympathetic to Class Counsel's concerns about the substantial time and financial resources expended to litigate this case (*see* [305] at 2), the Court finds judicial economy and efficient administration of the class are better served if class notice is stayed pending the adjudication of Walker's individual claim. Because the Court is not ordering Defendants to pay any costs at this time, it declines to address whether Plaintiff should post a security bond for costs shifted to Defendant. [314] at 8. However, the Court notes that Class Counsel indicated they are "prepared to assign an undertaking promising to repay personally any award of interim fees and costs." [305] at 5.

## CONCLUSION

For the stated reasons, Plaintiff's motion to order Defendants to pay for class notice [305] is granted in part and denied in part without prejudice. Status hearing set for June 30, 2026 at 9:30 AM to set trial date on Plaintiff's individual claims.

E N T E R:

Dated: June 15, 2026

MARY M. ROWLAND
United States District Judge

10